IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM PEGUES, # R-50721,   )  | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. 16-cv-503-SMY |
| ) | |
| UNKNOWN PARTY C/O,   ) | |
| LAWRENCE CORRECTIONAL CENTER, ) | |
| and MRS. BROCKHART,   ) | |
| ) | |
| Defendants.   ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff raises claims under the Eighth Amendment and under the Americans with Disabilities Act ("ADA"), based on the defendants' failure to provide him with access to bathroom facilities while he is in the prison's dayroom. He also includes a claim of negligence. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that one of Plaintiff's claims survives threshold review under § 1915A.

### **The Complaint**

On May 18, 2015, Plaintiff was attending the dayroom at Lawrence and requested permission from the Unknown Defendant Correctional Officer to be let back into his cell to use the bathroom. The Unknown Officer denied Plaintiff's request (Doc. 1, p. 8). Plaintiff explains

that when inmates go to the dayroom, prison policy requires them to leave their cell doors shut for security reasons. Inmates thus have no access to the toilets in their cells during the dayroom period.

Plaintiff alleges that he is confined to a wheelchair[1] and must take a strong medication (Lactulose) in order to move his bowels. This same medication causes him to lose control of his bowels (Doc. 1, pp. 8-9). Because of this disability-related condition, he needs to have access to a restroom. His dayroom time lasts for an hour and a half, during which he has no bathroom access. Plaintiff claims that the denial of access to a toilet for that length of time is a violation of his basic human needs and Eighth Amendment rights. He maintains that he is forced to miss his dayroom/recreation time in order to be near a bathroom and that this violates what he believes to be his constitutionally guaranteed right to one hour daily of dayroom and yard time.

Plaintiff further asserts that Lawrence Correctional Center (which he names as a defendant) is designated as an ADA prison. However, the institution fails to accommodate inmates with disabilities by providing toilet facilities for them while they are in the dayroom. Plaintiff has written numerous times to Defendant Brockhart (Assistant Warden), who is the ADA Coordinator, complaining about the lack of bathroom access for disabled inmates in the dayroom. Defendant Brockhart has taken no steps to remedy that condition.

Finally, Plaintiff claims that Defendant Brockhart and other unidentified prison staff members are showing "gross negligence" toward his basic human needs by failing to provide toilet facilities in the dayroom. This creates inhumane living conditions, because inmates urinate in the showers due to the lack of toilets (Doc. 1, p. 11).

---

[1] Plaintiff attaches to the Complaint a wheelchair permit issued to him on November 5, 2015 (Doc. 1, p. 15).

As relief, Plaintiff seeks compensatory and punitive damages and a preliminary and permanent injunction (Doc. 1, p. 12).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Eighth Amendment claim against Defendants Brockhart and the Unknown (John Doe) Defendant Correctional Officer, for deliberate indifference to Plaintiff's need to have access to a bathroom during his dayroom time;
>
> **Count 2:** ADA and Rehabilitation Act claims against Defendant Brockhart for failing to accommodate Plaintiff's need for bathroom access while in the prison dayroom;
>
> **Count 3:** State law tort claim against Defendant Brockhart for gross negligence, for the failure to provide toilet access to inmates while they are in the dayroom.

Counts 1 and 3 shall be dismissed for failure to state a claim upon which relief may be granted.  Count 2 shall proceed for further review, but Defendant Brockhart shall be dismissed from the claim.

**Dismissal of Count 1 – Conditions of Confinement – Deliberate Indifference**

In a case involving conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause.  First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842.

The lack of access to toilet facilities for a relatively short period of time has been held not sufficiently serious to state a claim of constitutional dimension.  *See, e.g., Clark v. Spey*, No. 01-C-9669, 2002 WL 31133198 at *2-3 (N.D. Ill. Sept. 26, 2002) (inmate held in cold cell with no toilet for several hours overnight failed to state a claim); *Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1188 (10th Cir. 2003) (pretrial detainee held for five hours in cell lacking a toilet did not state claim for cruel and unusual punishment).  Further, the security needs of the prison may be balanced against an inmate's need for toilet access when evaluating a potential Eighth Amendment claim.  *See, e.g., Decker v. Dunbar*, 633 F. Supp. 2d 317, 341-42 (E.D. Tex. 2008), *affirmed*, 358 Fed. App'x 509 (5th Cir. 2009); *cert. denied*, 131 S. Ct. 96 (2010); *reh'g denied*, No. 09-10655, 2011 WL 55866 (Jan. 10, 2011) (inmate urinated on himself after being denied access to restroom while prisoner count was completed; verification of count was a reasonable basis for delay and did not show deliberate indifference; inmate did not suffer any physical injury that was not *de minimis*).

In the instant case, Plaintiff acknowleges the reason why the John Doe Defendant Correctional Officer denied him permission to return to his cell to use the restroom was based on institutional security concerns – a restriction on movement of individual inmates back to their cells during the scheduled dayroom time.  Furthermore, Plaintiff has made no showing that the Defendant Correctional Officer acted either wantonly or with deliberate indifference in this single incident he describes.  Despite Plaintiff's inability to access the bathroom on that day, Plaintiff does not indicate that he actually soiled himself or that he suffered any physical injury or discomfort as a result.  Taking all these factors into consideration, the Complaint does not state a viable deliberate indifference claim against the John Doe Defendant Correctional Officer.

Plaintiff does not allege that Defendant Brockhart was involved in the specific incident on May 18, 2015, when he was unable to leave the dayroom to use the toilet. His claim suggests, however, that for an unspecified amount of time, he was forced to give up his dayroom privilege in order to remain near a toilet. He alleges that Defendant Brockhart was responsible for placing him in that dilemma because she failed to ensure bathroom access to inmates during the dayroom period.

There is no bright-line constitutional rule requiring a set amount of time for inmates to have dayroom access, contrary to Plaintiff's belief. It is true that the Eighth Amendment may be implicated if an inmate is subjected to significant restrictions on his ability to exercise which would adversely affect his health. *See Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (lack of exercise may rise to a constitutional violation if it is extreme and prolonged and poses a threat to health); *see also Turley v. Rednour*, 729 F.3d 645, 652-53 (7th Cir. 2013) (repeated short-term denials of yard privileges due to lockdowns stated an Eight Amendment claim where cell was too small for physical activity). However, Plaintiff has not alleged that the bathroom dilemma has in any way restricted his ability to engage in exercise or physical activity. The mere denial of dayroom access does not rise to the level of a constitutional violation.

For these reasons, **Count 1** shall be dismissed without prejudice, for failure to state a claim upon which relief may be granted.

**Count 2 – Americans with Disabilities Act/Rehabilitation Act**

Plaintiff also claims that Defendant Brockhart violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, by failing to accommodate his need for bathroom access while attending the dayroom. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability . . . be denied the benefits

of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Seventh Circuit has cautioned that claims of discrimination on account of a disability, especially those from *pro se* prisoner litigants, must be analyzed in light of both the ADA and the Rehabilitation Act, whether or not the plaintiff has asserted a claim under the latter statute. *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667 (7th Cir. 2012).

In order to state a claim for discrimination under both the ADA and the Rehabilitation Act ("RA"), a plaintiff must allege: (1) that he suffers from a disability as defined in the statutes, (2) that he is qualified to participate in the program in question, and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability. *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005). The Rehabilitation Act further requires that a plaintiff show that the program in which he was involved received federal financial assistance. This is the case for all state prisons.

Plaintiff's claim that he requires a wheelchair in order to mobilize indicates that he may suffer from a disability within the meaning of the ADA and RA. The refusal to provide him with bathroom accommodations arguably has excluded him from participation in out-of-cell dayroom time, which appears to be provided to other Lawrence inmates. At this stage, Plaintiff's allegations support a potential claim for injunctive relief under the ADA and/or the RA. However, only the state agency (or official acting in his/her official capacity) may be sued under these statutes. "[E]mployees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA. *See* 29 U.S.C. § 794(b); 42 U.S.C. § 12131." *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012). Accordingly, the Clerk will be directed to add the Director of the Illinois Department of Corrections (official capacity only) as a

defendant herein, and **Count 2** shall proceed against the Defendant IDOC Director. Defendant Brockhart shall be dismissed from this claim.

With reference to Plaintiff's request for injunctive relief, the Court notes that Plaintiff has a previously-filed case now pending before this Court, which also raised a claim for injunctive relief under the ADA and RA, *Pegues v. Coe*, Case No. 16-cv-239-SMY-RJD. The factual developments in that case may be relevant to the request for an injunction in the instant case.

**Dismissal of Count 3 – State Law Claim – Gross Negligence**

Plaintiff seeks to assert a claim for "gross negligence" against Defendant Brockhart, based on his assertion that by failing to provide toilet facilities in the dayroom, she created unsanitary living conditions. His rationale for this claim is that inmates urinate in the showers because they cannot access the toilet during the dayroom period.

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)).

Under Illinois law, in order to state a claim for negligence, a complaint must allege facts to establish that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)). Taking these factors in reverse order, Plaintiff in the instant case has not alleged that he suffered any injury whatsoever. He does not explain how the alleged problem of inmates urinating in the showers has affected him

personally. Without some injury and a plausible connection linking that injury to Defendant Brockhart's breach of a duty of care, Plaintiff cannot make out a cognizable negligence claim.

Additionally, as discussed above under Count 1, Plaintiff has failed to state a claim against Defendant Brockhart for a constitutional violation. In the absence of a viable Eighth Amendment claim, there is no basis for the Court to exercise supplemental jurisdiction over a state law claim for negligence. Accordingly, the negligence claim in **Count 3** shall be dismissed without prejudice, for failure to state a claim upon which relief may be granted.

### Dismissal of Defendant Lawrence Correctional Center

Plaintiff cannot maintain a suit for damages against a state government agency. This includes the Lawrence Correctional Center, which is a division of the Illinois Department of Corrections. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). For this reason, Defendant Lawrence Correctional Center shall be dismissed from the action with prejudice.[2]

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

### Disposition

The Clerk is **DIRECTED** to add the **DIRECTOR of the ILLINOIS DEPARTMENT**

---

[2] This Eleventh Amendment immunity does not bar Plaintiff from seeking injunctive relief against the Director of the Illinois Department of Corrections in **Count 2**.

of **CORRECTIONS** (official capacity) as a Defendant in this action.

**COUNTS 1 and 3** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Defendants **UNKNOWN PARTY (JOHN DOE) CORRECTIONAL OFFICER** and **BROCKHART** are **DISMISSED** from this action without prejudice.  Defendant **LAWRENCE CORRECTIONAL CENTER** is **DISMISSED** from this action with prejudice.

With reference to **COUNT 2**, the Clerk of Court shall prepare for Defendant **DIRECTOR of the ILLINOIS DEPARTMENT of CORRECTIONS** (official capacity):  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 11, 2016**

s/ STACI M. YANDLE
United States District Judge
