IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM PEGUES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-503-SMY-RJD |
| | ) |
| UNKNOWN PARTY, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Adam Pegues, a former inmate of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Specifically, Plaintiff alleges Defendant failed to provide him with access to bathroom facilities at certain times. Following threshold review, Plaintiff proceeds on one Count:

**Count 1:** ADA and Rehabilitation Act claims against Director of Illinois Department of Corrections (official capacity only) for failing to accommodate Plaintiff's need for bathroom access while in the prison dayroom.

This matter is currently before the Court on Defendant's Motion for Summary Judgment (Doc. 41). Plaintiff failed to timely respond to the Motion. Pursuant to Local Rule 7.1(c), the Court considers Plaintiff's failure to respond an admission of the merits of the motion. For the following reasons, Defendant's motion is **GRANTED**.

## Factual Background

Plaintiff Adam Pegues was housed in segregation at Lawrence from May 6, 2015 through June 6, 2015 (Plaintiff's Deposition, Doc. 41-1 at 20). During this time, Pegues was taking the prescription drug Lactulose, which caused him to have frequent bowel movements (Id. at 25).

On May 18, 2015, Pegues was in the dayroom to take a shower and requested permission to be let back into his cell to use the bathroom (Id. at 28). He was denied access to his cell and had an uncontrollable bowel movement resulting in diarrhea on his body and clothing (Id. at 29). He had to stand by the steps in segregation for approximately 30 minutes before being allowed back into his cell to wash up and change his clothes (Id. at 30).

After Pegues was released from segregation and back in the general population, he continued to have issues with being denied bathroom access while in the dayroom (Id. at 40). When he complained to staff that he needed access to the washroom in his cell, he was told that it was a security risk for him to come and go from his cell during his time in the dayroom (Id. at 26-27).

Pegues sometimes takes the Lactulose in the morning and sometimes in the afternoon, depending on what time he wakes up (Id. at 43). He generally has a bowel movement within 20 to 30 minutes of taking the medication (Id. at 23). Even if he uses the bathroom before he leaves his cell for dayroom, he often needs to use the bathroom again before dayroom time ends (Id. at 57). Pegues is permitted to miss dayroom if he needs to be close to a bathroom (Id. at 61). Dayroom time alternates every other day – one day it will be an hour and a half in the morning, the next day it is two hours and a half in the afternoon (Id. at 66). When Pegues is in the dayroom and his bowels move before he can get to a bathroom, he goes to the shower and washes his boxers out (Id. at 52, 57). Pegues was not aware of any other inmates with ADA accommodations being granted a permit to use the bathroom whenever they wanted (Id. at 69). He has not experienced any skin irritation as a result of his bowel movements (Id. at 53).

At the time he filed suit, Pegues was seeking money damages and a permit to be able to use the bathroom whenever he needed while he was in the dayroom (Id. at 68). Since filing suit however, he has been released from prison, rendering his request for injunctive relief moot.

## Discussion

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). When considering a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, Section 504 of the Rehabilitation Act prohibits any agency that receives federal funds from excluding, subjecting to discrimination, or denying the benefits of any of their programs to otherwise qualified individuals with disabilities. 29 U.S.C. § 794(a). Failure to make reasonable accommodations to ensure participation in the public entity's programs or services by a person with a disability qualifies as "discrimination." 42 U.S.C. § 12112(b)(5)(A); *Wisc. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 753 (7th Cir. 2006).

In the prison context, a plaintiff can make out a prima facie case of discrimination under both the ADA and the Rehabilitation Act by showing: (1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012), citing 29 U.S.C. § 705(2)(B); *Wis. Cmty. Serv. v. City of Milwaukee*, 465 F.3d 737, 746 (7th Cir.2006); *Foley v. City of Lafayette*, 359 F.3d at 928 (7th Cir.2004); *Grzan v. Charter Hosp. of Nw. Ind.*, 104 F.3d 116, 119 (7th Cir.1997). Refusing to make reasonable accommodations is tantamount to denying access. Although the Rehabilitation Act does not expressly require accommodation, "the Supreme Court has located a duty to accommodate in the statute generally." *Id*. In the prison setting, accommodations should be judged in light of overall institutional requirements which include safety, security, and feasibility. *Love v. Westville Correctional Center,* 103 F.3d 558, 561 (7th Cir. 1996).

Plaintiff's alleged disability is a side effect of his medication, which causes him to have bowel movements suddenly and more often. Defendant argues that side effects from prescription medication are not a serious medical condition. Defendant acknowledges that Plaintiff had a diagnosed irritable bowel condition, but argues that the medical records show it was being treated and was stable. Defendant further argues that Plaintiff had the choice of when to take the medication knowing the effects that would occur and, therefore, did not suffer from a disability.

With regard to the failure to accommodate, Pegues specifically mentions the May 18, 2015 incident. He contends that in order to prevent from him from soiling himself, he should have been granted access to his cell from the dayroom. However, Defendant asserts that Pegues was housed in segregation on that date and did not qualify to attend dayroom. In other words, his movement from the cell was restricted because he was in segregation.

Next, Defendant argues that when Pegues was housed in general population and allowed to attend the dayroom, he was not denied access to facility toilets because of his disability. Rather, he was denied access because at the time, all inmates were denied access to their cells during dayroom based on institutional policies established to maintain safety and security.

Defendant also maintains that accommodations were made for Pegues in December 2016 when the policy was changed to allow inmates to return to their cell one time during dayroom. However, in his deposition, Pegues claimed that the allowance of one return to the cell was not enough. Therefore, he requested a permit to come and go whenever he chose from the dayroom to the bathroom in his cell.

Pegues' request for unrestricted access to his cell during dayroom time does not meet the requirements for an ADA claim. The facts of this case are distinguishable from *Jaros* in which the plaintiff's physical ailments severely restricted his ability to physically access certain facilities. Pegues' physical access to the bathroom was not restricted because of his alleged disability. Instead, the evidence shows that his access to his cell bathroom during dayroom time was restricted based on institutional polices established to maintain order and security.

Even if Pegues can show the side effects of his medication are a disability, as an inmate, he was not entitled to access his cell whenever he chose. Moreover, Defendant's refusal to accommodate Pegues by allowing him to come and go from his cell did not keep him from accessing dayroom time because he could choose what time of day to take his medication.

The record is devoid of any evidence from which a jury could reasonably conclude that IDOC denied Pegues accommodations that were needed as a result of an alleged disability. Therefore, Defendant Baldwin, in his official capacity, is entitled to summary judgment.

## Conclusion

Defendant's Motion for Summary Judgment (Doc. 41) is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**. Accordingly, the Clerk of Court is **DIRECTED** to enter judgment and to close the case.

**IT IS SO ORDERED.**

**DATED: June 19, 2018**

                                        **s/ Staci M. Yandle**
                                        **STACI M. YANDLE**
                                        **United States District Judge**